**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001084
13-JAN-2014
08:25 AM**

NO. CAAP-11-0001084

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
STEPHEN BAPTISTA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CR. NO. 3P109-00106)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Steven Baptista (**Baptista**) appeals from the Judgment of Conviction & Sentence entered on November 29, 2011, in the District Court of the Third Circuit, Puna Division (**District Court**).[1]

Baptista was found guilty of Sexual Assault in the Fourth Degree, in violation of Hawaii Revised Statutes (**HRS**) § 707-733(1)(a) (1993).

On appeal, Baptista contends that: (1) there is insufficient evidence to support his conviction; (2) the unavailability of several transcripts mandate reversal of his conviction; (3) the District Court erred by allowing the State to call a rebuttal witness; and (4) he received ineffective assistance of trial counsel.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Baptista's points of error as follows:

---

[1] The Honorable Harry P. Freitas presided.

(1)     Baptista argues that there is insufficient evidence to support his conviction because the State failed to establish the requisite mens rea and/or that the complaining witness did not consent to Baptista's alleged touching of her.

The test for sufficiency of the evidence is whether there is "substantial evidence" for each material element of the offense.  State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (quoting State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992)).  Substantial evidence is "credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion." Id. at 158, 166 P.3d at 331 (quoting Batson, 73 Haw. at 248-49, 831 P.2d at 931) (brackets omitted).  The test on appeal is not whether guilt has been established beyond a reasonable doubt. State v. Bayly, 118 Hawai'i 1, 6, 185 P.3d 186, 191 (2008).

In a bench trial, the trial judge is entitled "to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence." Batson, 73 Haw. at 249, 831 P.2d at 931.  It is not the role of the appellate court to weigh credibility or resolve conflicting evidence. State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996); accord State v. Ferm, 94 Hawai'i 17, 27, 7 P.3d 193, 203 (App. 2000); State v. Wallace, 80 Hawai'i 382, 418, 910 P.2d 695, 731 (1996). In considering sufficiency, we must view the evidence in the light most favorable to the prosecution. Bayly, 118 Hawai'i at 6, 185 P.3d at 191.  Here, we must determine whether substantial evidence supports the elements of fourth-degree sexual assault.

HRS § 707-733(1)(a) provides:

> § 707-733. **Sexual assault in the fourth degree.**  (1) A person commits the offense of sexual assault in the fourth degree if:
>
> (a)   The person knowingly subjects another person to sexual contact by compulsion or causes another person to have sexual contact with the actor by compulsion.

Compulsion is defined as the absence of consent.  HRS § 707-700 (1993).  The material elements of fourth-degree sexual assault are, in their basic form:  (1) a knowing *mens rea*; (2)

sexual contact; and (3) absence of consent. Baptista contends that the State failed to prove the first and third of these elements, arguing both that (a) the complaining witness had consented to being touched, in the context of Baptista's evaluation of her for boxing training, and (b) that there was insufficient evidence that he knew that the complaining witness did not consent to the reported touching, under the circumstances, because she did not testify that she complained or told him to stop his actions.

The complaining witness's testimony included that Baptista inquired about whether the complaining witness had any problems with her joints; in response, with respect to her ankles and her groin area, she told him that "it pops." The complaining witness testified that she laid down on a cot at Baptista's suggestion so that he could "stretch out" her leg. However, as she lay down on the cot, Baptista touched the groin area where her leg "folds in between." She felt very uncomfortable. She testified that her reaction was to get up fast and that she said, "I need to go to work now." She said that she expressed her discomfort to Baptista by jumping up and looking uncomfortable and frightened. She further testified that, as she was standing, Baptista then placed both of his hands on the back of her legs and moved them up the inside of her shorts until he grabbed her buttocks with both hands. We conclude that it was reasonable for the trial court to infer that the complaining witness did not consent to further touching by Baptista after she quickly got up from a cot looking frightened and stated that she had to go to work, that she had conveyed this lack of consent to Baptista through her words and actions – although she did not specifically tell him to stop touching her – and that at that point, Baptista knew that the complaining witness did not consent to any further intimate touching. According to the complaining witness's testimony, at this point knowing that the complaining witness did not consent to be touched, Baptista again touched the complaining witness, who was now standing, by rubbing both his hands up the back of her legs, under her shorts, until he touched her

buttocks. Given the testimony describing Baptista's acts and conduct, and inferences fairly drawn from all of the circumstances, we conclude that there was sufficient evidence presented that Baptista acted with the requisite intent to be convicted of sexual assault in the fourth degree.

(2) Baptista argues that his conviction should be reversed because the transcripts of proceedings held on December 15, 2009, January 10, January 16, March 30, May 18, September 7, and October 26, 2010 are unavailable due to a malfunction of the court's audio/visual recording system.

In State v. Bates, 84 Hawai'i 211, 214, 933 P.2d 48, 51 (1997), the defendant claimed that appellate counsel could not know whether errors were committed during the inaudible portions of the trial because of numerous inaudible entries in a transcript. The court in Bates held that "where the transcripts of a defendant's trial are incomplete because they omit portions of the trial proceedings, such omissions do not mandate reversal unless the defendant can demonstrate specific prejudice." The court also stated that, in cases where the entire transcript could not be prepared, the parties must show compliance with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 10(c) or show that error was committed by the trial court. Id. at 217, 933 P.2d at 54. "[A] defendant has a duty to reconstruct, modify, or supplement the missing portions of the record, and a failure to make a reasonable attempt to do so precludes him or her from alleging reversible error." Id.

HRAP Rule 10(c) states:

> (c) *Statement of the evidence of proceedings when no report made or when transcript unavailable.* If the reporter refuses, becomes unable, or fails to transcribe all or any portion of the evidence or oral proceedings after proper request, the party may (i) request that transcription of the reporter's notes be submitted to another reporter for transcription where feasible; or (ii) prepare a statement of the evidence or proceedings from the best available means, including the party's recollection or uncertified transcripts or reporter's notes. The statement shall be served on the opposing party(ies), who may serve objections or propose amendments thereto within 10 days after service. Thereupon the statement and any objections or proposed amendments shall be submitted to the court or agency appealed from for settlement

> and approval and as settled and approved shall be
> included by the clerk of the court appealed from in
> the record on appeal.

In his Amended Opening Brief, filed on October 18, 2012, Baptista's appellate counsel states that he faxed a letter to prior counsel on September 25, 2012, but no response was received by the time the Opening Brief was filed. He further represents that "Counsel will supplement the record when and if a response is received."

Baptista's Reply Brief, filed January 10, 2013, does not mention any subsequent effort to supplement the record in accordance with HRAP Rule 10(c). Nearly a year after Baptista filed his Amended Opening Brief, the record on appeal does not show any attempt to supplement the record on appeal pursuant to HRAP Rule 10(c). There is nothing in the record to demonstrate a reasonable attempt to reconstruct the record. Baptista does not allege *any* specific prejudice as a result of the transcripts being unavailable, relying solely on the number of missing transcripts, without reference to the nature of the proceedings, court minutes, attorney's notes, or any other information or argument whatsoever. It appears that the testimony of all key witnesses is available.[2] Under these circumstances, we reject Baptista's argument that the missing transcripts warrant reversal of his conviction.

(3) The State was allowed to call a rebuttal witness for impeachment purposes. During cross-examination, Baptista denied that he offered a massage to the complaining witness, her aunt, or anyone else in the past. The State's rebuttal witness was offered to demonstrate that Baptista had given the rebuttal witness a massage at Baptista's home and, hence, Baptista was not telling the truth. The defense raised objections based on relevance and prejudice grounds, especially to the extent that testimony might be elicited as to prior bad acts by Baptista. The District Court, in allowing some rebuttal testimony, made

---

[2]     The trial court minutes indicate that none of the missing transcripts involve the testimony of witnesses presented during the trial.

5

clear that the State would only be allowed to address Baptista's truthfulness regarding not giving prior massages, but would not be allowed to get into any details of the encounter between Baptista and the rebuttal witness.

On appeal, Baptista argues that the testimony was improper pursuant to Rule 613(b) of the Hawaii Rules of Evidence (**HRE**) and that the testimony was more prejudicial than probative. HRE Rule 613(b) provides:

> (b) Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

Baptista did not point to where in the record he objected to the testimony on the ground of HRE Rule 613(b). The record on appeal does not contain an objection by Baptista to the rebuttal testimony on the ground that it violated HRE Rule 613(b). Therefore, the point of error is waived as to that ground. HRAP Rule 28(b)(4). Even if the point of error is not waived, HRE Rule 613(b) is inapplicable. The rebuttal witness did not testify about any statements made by Baptista. She merely stated that Baptista had performed massage on her. See also HRE Rule 608(b) ("Specific instances of the conduct of a witness, for the purpose of attacking the witness' credibility, if probative of untruthfulness, may be inquired into on cross-examination of the witness and, in the discretion of the court, may be proved by extrinsic evidence.").

Baptista's unsupported assertion that the rebuttal testimony was more prejudicial than probative is without merit.

(4) Baptista argues that his trial counsel was ineffective because: (1) trial counsel failed to object to a violation of Hawai'i Rules of Penal Procedure Rule 48; (2) trial counsel failed to call necessary witnesses to properly present Baptista's case; (3) trial counsel falsely or ineffectively counseled Baptista to waive his right to a jury trial; and (4)

trial counsel failed to raise proper objections to hearsay and other inadmissible evidence.

Baptista provides no evidence, specific arguments, names of witnesses or nature of testimony, citations to the record, or other support of any kind for these contentions. Upon review of the record, we conclude that these contentions are without merit.

For these reasons, the District Court's November 29, 2011 Judgment of Conviction & Sentence is affirmed.

DATED: Honolulu, Hawai'i, January 13, 2014.

On the briefs:

Lars Robert Isaacson
for Defendant-Appellant

Gregory E. Gimenez
Deputy Prosecuting Attorney
County of Hawai'i
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge